**SIGNED.**



**Dated: June 24, 2008**

_Randolph J. Haines_
_____

**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MATTHEW G. REGEVIG and | ) | CASE NO. 2:08-bk-02547-RJH |
| ANGELIA M. REGEVIG, | ) | |
| | ) | OPINION RE CONSTITUTIONALITY |
| Debtors. | ) | OF CALIFORNIA'S BANKRUPTCY- |
|_____ | ) | SPECIFIC EXEMPTION STATUTE |

This issue here is whether a State may adopt an exemption statute that becomes available only when the debtor files a bankruptcy case. The Court concludes this is impermissible under the Supremacy Clause.

**Background Facts.**

California statutes provide two sets of exemptions. One of them, California Code of Civil Procedure § 704, may be asserted by any judgment debtor to protect property from an attaching creditor. The other, C.C.P. § 703.140(b), may only be claimed by a debtor who has filed a bankruptcy petition.[1] California has opted out of the exemption scheme provided by the Bankruptcy Code,[2] as it is permitted to do so by Bankruptcy Code[3] § 522(b)(2), but the § 703.140(b) exemption scheme is virtually identical to the current bankruptcy exemptions.

The Debtors are currently Arizona residents but apparently were not Arizona residents for all of the 730 days preceding the filing of this case. They were California residents for the majority of the six months prior to that 730 day period, so Bankruptcy Code § 522(b)(3)(A) requires them to claim exemptions pursuant to California law.

---

[1] _Little v. Reaves (In re Reaves)_, 256 B.R. 306, 311 (9th Cir. BAP 2000).

[2] C.C.P. § 703.120.

[3] Unless otherwise noted, all citations to the Bankruptcy Code are to 11 U.S.C. §§ 101 _et seq._

The Debtors do not claim any homestead, and therefore have elected to claim exemptions pursuant to C.C.P. § 703.140(b). They have claimed one motor vehicle (a 1995 Chevy Suburban, to the extent of the exempt value of $3,300) pursuant to C.C.P. § 703.140(b)(2), and they have claimed four motor vehicles (a Kawasaki, an inoperable 1970 Chevy Nova, and two quads) having a total value of less than $6,000 pursuant to the "wild card" exemption[4] provided by C.C.P. § 703.140(b)(5). If they had elected the other general set of exemptions the motor vehicle exemption would be limited to a value of $2,550, and there would be no "wild card" exemption available to exempt the other motor vehicles.

**Analysis**

The Trustee here objects to the Debtors' election of the § 703.140 exemptions, contending that a State's attempt to create exemptions that are applicable only in a bankruptcy case is an unconstitutional violation of either the Supremacy Clause[5] or the Uniformity Clause,[6] or both. The argument certainly has some merit and support because Bankruptcy Judge Jaroslovsky of the Northern District of California expressly so concluded in *Lennen*.[7] And

---

[4] It is called a "wild card" exemption because it permits any property to be claimed exempt up to the stated value. Under the California bankruptcy-only exemptions, the value for the wild card is $1,100 plus any unused portion of the homestead exemption, which is currently $20,725. The Bankruptcy Code's "wild card" exemption is similar, except the amount is $1,075 plus up to $10,125 of the unused portion of the $20,200 homestead exemption. Bankruptcy Code § 522(d)(5). Because the Bankruptcy Code caps the wild card at approximately half of the homestead exemption, its total maximum value cannot exceed $11,200, whereas the California wild card exemption can have a value up to $21,825. The difference may be negligible when spouses files a joint case, because the Bankruptcy Code permits each of them to claim the wild card exemption, for a total value of $22,400, whereas the California bankruptcy exemptions must be claimed jointly by the spouses. The values of the property claimed exempt by these debtors is well below both maximums.

[5] U.S. CONST. Art. VI ("the law of the United States . . . shall be the supreme Law of the Land").

[6] U.S. CONST. Art. I, § 8, cl. 4 ("The Congress shall have Power . . .To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States.").

[7] *In re Lennen*, 71 B.R. 80, 82-83 (Bankr. N.D. Cal. 1987). The Court has heard informally that that opinion was reversed by an unpublished District Court ruling. The reversal, if accurate, has no effect on the analysis here because this Court cites *Lennen* only for its discussion of legislative history and for the cogency of its analysis, not for any precedential value. The Court is also aware the 10th Circuit rejected the analysis of *Lennen* under the Uniformity Clause, but did not address the Supremacy Clause analysis. *In re Kulp*, 949 F.2d 1106, 1109 n.3 (10th Cir. 1991).

2

1  although several subsequent decisions by the Ninth Circuit and the Ninth Circuit BAP have

2  considered the California exemption scheme and some have even upheld debtors' claims of

3  exemption under C.C.P. § 703.140(b), none of them seems to have expressly or directly rejected

4  the analysis and holding of *Lennen*.[8]

5          *Lennen* explains the history of the confusing California statutory scheme.  When

6  the Bankruptcy Code was first enacted, it apparently permitted joint debtors in non-opt-out

7  states to "stack" exemptions by having one of them claim the state exemptions and the other the

8  Bankruptcy Code exemptions.  California sought to prohibit that by a statute in 1981, but it was

9  invalidated as violating the Supremacy Clause.[9]  In 1983, California sought to achieve the same

10  result by opting out of the bankruptcy exemptions but providing that debtors could select

11  bankruptcy exemptions so long as they did not "stack" them with state exemptions.  That effort

12  was also declared unconstitutional.[10]  Finally, in what the *Lennen* opinion aptly describes as a

13  "comedy of errors," in June of 1984 California adopted § 703.140, which provided a new set of

14  state-law exemptions that were virtually identical to the bankruptcy exemptions, which could be

15  selected only by a debtor in a bankruptcy case.  It was a comedy of errors for two reasons.  First,

16  the principal aim of this legislation -- to preclude debtors from "stacking" exemptions -- was

17  almost simultaneously eliminated by the Bankruptcy Amendments and Federal Judgship Act of

18  1984, which was enacted just one month later on July 10, 1984.  It amended Bankruptcy Code §

19  522(b) to eliminate stacking, thus rendering the difficult California statutory structure entirely

20  unnecessary.  But it also cut the federal wildcard exemption in half, creating a significant

21

22  [8]*See, e.g. Talmadge v. Duck (In re Talmadge)*, 832 F.2d 1120 (9th Cir. 1987) (rejecting
    argument that § 703.140 conflicts with Bankruptcy Code § 522(m)); *In re Urban*, 375 B.R. 882 (9th Cir.
23  BAP 2007) (rejecting uniformity clause challenge to the domiciliary rules of Bankruptcy Code § 522(b)
    as amended by BAPCPA); *Reaves, supra* note 1 (upholding Debtor's election of § 703.140 exemptions
24  despite previous attempt to claim exemptions under § 704, rejecting *res judicata* argument to the
    contrary); *Flinn v. Morris (In re Steward)*, 227 B.R. 895 (9th Cir. BAP 1998) (upholding and applying
25  provision of § 703.140 providing that if both spouses do not agree to elect those exemptions, they are
    limited to the § 704 exemptions).
26
27  [9]*In re Lee*, 22 B.R. 977 (Bankr. C.D. Cal. 1982); *In re Stacey*, 24 B.R. 97 (Bankr. S.D. Cal.
    1982).
28
        [10]*In re Garrido*, 43 B.R. 289 (Bankr. S.D. Cal. 1984).

3

difference between the Bankruptcy Code exemptions and California's new § 703.140, which otherwise tracked the Bankruptcy Code's exemption amounts. It was apparently this divergence that caused the *Lennen* court to conclude that California's § 703.140 violated both the Supremacy Clause and the Uniformity Clause.

Today, California's bankruptcy-only wildcard exemption remains approximately double the amount of the Bankruptcy Code's wildcard exemption for individual debtors.[11] Most of California's other bankruptcy-only exemptions are virtually identical to the Bankruptcy Code's exemptions. For example, California's bankruptcy-only motor vehicle exemption is $3,300, whereas the Bankruptcy Code's motor vehicle exemption is $3,225. Such minor differences may be a result of § 703.150, which adjusts the exemption amounts based upon the California cost of living, whereas Bankruptcy Code § 104(b) adjusts the Bankruptcy Code's exemption amounts by changes in the national consumer price index.

This $10,000 difference between the California bankruptcy-only exemption and the Bankruptcy Code's wildcard exemption, although not significant on these facts, is certainly not de minimis. More importantly, California does not provide such a wildcard exemption to debtors generally, outside of bankruptcy. The result is that for example, outside of bankruptcy a creditor could levy on a debtor's boat worth $20,000. But if that debtor filed bankruptcy and did not claim a homestead, the debtor could exempt it from the bankruptcy estate through the California bankruptcy-only wildcard exemption. Such a result effectively discriminates against the trustee in bankruptcy as opposed to other creditors – the trustee cannot claim the boat for benefit of creditors, although creditors themselves could do so outside of bankruptcy.

Under federal bankruptcy law, States were first permitted to define their own exemptions by one of the historic compromises between the northern and the southern states that permitted the adoption of the Bankruptcy Act of 1867.[12] That recognition of state exemption laws was continued in the Bankruptcy Act of 1898. But the Ninth Circuit held that it does not

---

[11] *See* note 4 *supra.*

[12] Randolph J. Haines, *Getting to Abrogation*, 75 AM.BANKR.L.J. 447, 463 (2001), *citing* CHARLES WARREN, BANKRUPTCY IN UNITED STATES HISTORY 100-10 (1935).

give the states a "free hand to circumscribe the powers of the bankruptcy trustee" and does not

permit states to render property exempt in a bankruptcy case that would not be exempt outside

of bankruptcy.[13]  And although that case was decided under the 1898 Act, nothing in the Code

has expanded the power of states to define bankruptcy-only exemptions.  As originally adopted

the Code retained essentially the same recognition of states' general exemption laws, and the

BAPCPA amendments significantly restricted even that ability, albeit in ways not relevant

here.[14]  Consequently the Ninth Circuit's Act decision that the Supremacy Clause forbids states

to enact bankruptcy-specific exemption laws remains good law today.

By relying on California's bankruptcy-specific wild card exemption these

particular Debtors are not exempting any more property than if California had not opted out of

the Bankruptcy Exemptions, permitting debtors to choose either those exemptions or the

California exemptions.  If California had not opted out, these Debtors could claim all of their

motor vehicles as exempt by using the Bankruptcy Code's wildcard exemption, because the

values claimed do not exceed its cap of $11,200 even for an individual debtor.

But neither a Supremacy Clause nor a Uniformity Clause challenge requires a

demonstration of actual prejudice arising from application of the challenged state statute in the

particular case.  For example, in *Sherwood Partners* the Ninth Circuit used an entirely

hypothetical analysis to conclude that California's preference provision applicable in

assignments for benefit of creditors cases violates the Supremacy Clause.[15]

Moreover, *Sherwood Partners* noted that even absent specific pre-emptive

language, "Congress' intent to supersede state law altogether may be found from a 'scheme of

federal regulation . . . so pervasive as to make reasonable the inference that Congress left no

---

[13] *In re Kanter*, 505 F.2d 228, 230 (9th Cir. 1974) (invalidating, under the Supremacy Clause, a California law attempting to preclude trustees and other assignees by operation of law from reaching a debtor's cause of action, but not exempting it from the reach of other judgment creditors).

[14] *See, e.g.,* Code §§ 522(b)(3), 522(o), 522(p) & 522(q).

[15] *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1203-06 (9th Cir. 2005).

5

room for the States to supplement it.'"[16] Here, Congress has pervasively defined the exemptions that a state may permit a debtor to claim only in a bankruptcy case, even if they are not generally exempt from creditors outside of bankruptcy. Those are the exemptions defined by Bankruptcy Code § 522(d). And Congress further specified exactly how a state may make those bankruptcy-specific exemptions available – by not opting out pursuant to Code § 522(b)(2). Where Congress has already defined both the substantive law and the procedure, in a pervasive federal scheme that generally pre-empts State legislation, Congress has occupied the field. There simply is no room for states to adopt their own bankruptcy-specific exemptions by a procedure other than that provided by the Code, *i.e.,* not opting out of the Bankruptcy Code's exemptions.

Given the analysis in *Urban*,[17] the Uniformity Clause challenge might not stand. That opinion concluded that the Uniformity Clause is not violated simply because a trustee may not be able to seize the same property creditors in that state could seize, due to BAPCPA's incorporation of another state's exemption laws. Here, the California statute means that a trustee may not always be able to seize the same property the California creditors could, not because of the domiciliary provisions of the Bankruptcy Code but because of California's bankruptcy-specific exemption statute. That may violate Uniformity, or perhaps *Urban* means that the statement that uniformity is satisfied so long as the trustee in any state gets what creditors in that state would get is merely an inaccurate gloss on the constitutional provision.

But it is not necessary to decide the Uniformity Clause issue because *Kanter* has already decided the Supremacy Clause issue. It is a sufficient basis to conclude that C.C.P. § 703.140(b) is unconstitutional.

The Trustee's objection to the Debtors' claim of exemptions under C.C.P. § 703.140(b) is sustained. Debtors shall file an amended Schedule C within 20 days, without prejudice to their continuing to claim the C.C.P. § 703.140(b) exemptions should they elect to

---

[16] *Id.* at 1200, quoting *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Dev. Comm.*, 461 U.S. 190, 203-04 (1983).

[17] *In re Urban*, 375 B.R. 882 (9th Cir. BAP 2007).

1    appeal this decision.

2                    DATED AND SIGNED ABOVE

3

4    Copy of the foregoing e-mailed
     this 24th day of June, 2008, to:

5    Charles M. Leftwich, Esq.
     Clark Law Office
6    Attorneys for Debtors
     cml@clarklawaz.com

7
     Terry A. Dake, Esq.
8    Terry A. Dake, Ltd.
     Attorney for Ch 7 Trustee Jill Ford
9    tdake@cox.net

10    /s/ Pat Denk
     _____
11   Judicial Assistant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7